JUDGE ELLIS

**FILED**

6/9/2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA

v.

COMMERCIAL CARPET
CONSULTANTS, INC.

No. 22-CR-268

Judge Sarah L. Ellis

## PLEA AGREEMENT

1.      This Plea Agreement between the UNITED STATES OF AMERICA and the defendant, COMMERCIAL CARPET CONSULTANTS, INC., a corporation organized and existing under the laws of Illinois, is made pursuant to Rule 11 of Federal Rules of Criminal Procedure and is governed in by Rule 11(c)(1)(C), as more fully set forth below. The parties to this Plea Agreement have agreed upon the following:

### Charge in This Case

2.      The Information in this case charges the defendant with entering into and engaging in a *per se* unlawful conspiracy with other companies and individuals to suppress and eliminate competition by agreeing to rig bids and fix prices of commercial flooring services and products sold in the United States beginning at least as early as 2009, and continuing through at least June 22, 2017, in the Northern District of Illinois and elsewhere, in violation of the Sherman Act, Title 15, United States Code, Section 1.

## Rights of Defendant

3.  The defendant understands its rights:

    a.  to be represented by an attorney;

    b.  to be charged by Indictment;

    c.  to plead not guilty to any criminal charge brought against it;

    d.  to have a trial by jury, at which it would be presumed not guilty of the charges and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

    e.  to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

    f.  to appeal its conviction if it is found guilty; and

    g.  to appeal the imposition of sentence against it.

## Agreement to Plead Guilty and Waive Certain Rights

4.  The defendant knowingly and voluntarily waives:

    a.  the rights set out in subparagraphs 3(b)–(e) above;

    b.  the right to file any appeal or collateral attack that challenges its conviction, including but not limited to any appeal or collateral attack raising any argument that (1) the statute to which it is pleading guilty is unconstitutional or (2) the admitted conduct does not fall within the scope of such statute; and

    c.  the right to file any appeal or collateral attack, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the Recommended Sentence in

Paragraph 11. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b) and (c).

d. Nothing in this Paragraph 4 however, will act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

e. Pursuant to Federal Rule of Criminal Procedure 7(b), the defendant will waive indictment and plead guilty to a one-count Information to be filed in the United States District Court for the Northern District of Illinois.

5. The defendant will plead guilty to the criminal charge described in Paragraph 2 above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to the Court in accordance with Federal Rule of Criminal Procedure 11, as set forth in Paragraph 6 below.

### Factual Basis for Offense Charged

6. The defendant will plead guilty because it is in fact guilty of the charge described in Paragraph 2 above. In pleading guilty, the defendant admits the following facts, and each and every fact contained in the Information, and that those facts establish its guilt beyond a reasonable doubt to the charge contained in the Information:

a. For purposes of this Plea Agreement, the "Relevant Period" is that period beginning at least as early as 2009, and continuing through at least June 22, 2017.

3

b.      During the Relevant Period, the defendant was a corporation organized and existing under the laws of Illinois, with its principal place of business in this District. Jerry P. Watson was an owner of the defendant and its President until or around June 2016. During the Relevant Period, the defendant was a provider of commercial flooring services and products in the United States, and employed 50 or more individuals. Providers of commercial flooring services and products remove any preexisting flooring products at the job site, prepare the floor surface for installation, and install new flooring materials, including but not limited to carpet, wood, vinyl, tile, and laminate flooring products.

c.      During the Relevant Period, Mr. David's Flooring International, LLC, was a corporation organized and existing under the laws of Delaware with a principal place of business located in this district. During the Relevant Period, PCI FlorTech, Inc., and Vortex Commercial Flooring, Inc., were corporations organized and existing under the laws of Illinois with principal places of business located in the District. Mr. David's Flooring International, LLC, PCI FlorTech, Inc., and Vortex Commercial Flooring, Inc., were providers of commercial flooring services and products in the United States.

d.      During the Relevant Period, the defendant, through its personnel, including Jerry P. Watson, participated in a conspiracy with other companies and individuals engaged in the sale of commercial flooring services and products, including Mr. David's Flooring International, LLC, Michael P. Gannon, PCI FlorTech, Inc., and Vortex Commercial Flooring, Inc., one purpose of which was to

4

suppress and/or eliminate competition by agreeing to rig bids and/or fix prices of commercial flooring services and products sold in the United States. In furtherance of the conspiracy, the defendant, through defendant's personnel, attended meetings and/or participated in conversations and other communications with representatives of other companies that provide commercial flooring services and products in order to discuss methods for rigging bids and/or fixing the prices of commercial flooring services and products. During these meetings, conversations, and other communications, the defendant, through its personnel, and its co-conspirators agreed to rig bids and/or fix the prices of commercial flooring services and products to be sold in the United States. The defendant and its co-conspirators exchanged pricing-related information to enable co-conspirator companies to submit complementary bids for commercial flooring services and products to potential customers, and the agreed-upon co-conspirator often won the business.

e.      During the Relevant Period, in some instances, employees of general contractors made statements to the defendant about the need for additional bids, which the defendant understood to be requests to obtain complementary bids.

f.      During the Relevant Period, the defendant's sale of commercial flooring services and products to customers in the United States affected by the violation of 15 U.S.C. § 1 totaled at least $3,969,850.

g.      During the Relevant Period, the defendant and its co-conspirators sold commercial flooring services and products in the United States in a continuous and uninterrupted flow of interstate trade and commerce. In addition, records and

5

documents necessary for the sale and provision of such services and products by the corporate conspirators, as well as payments and solicitations for those services and products, traveled in interstate trade and commerce. The business activities of the defendant and its co-conspirators in connection with the sale and provision of commercial flooring services and products that were the subject of this conspiracy were within the flow of, and substantially affected, interstate trade and commerce.

        h.     Acts in furtherance of this conspiracy were carried out within the Northern District of Illinois and elsewhere. Commercial flooring services and products that were the subject of this conspiracy were sold by one or more of the conspirators to customers in this District and elsewhere.

### Elements of the Offense

7.     The elements of the charged offense are that:

        a.     the conspiracy described in the Information existed at or about the time alleged;

        b.     the defendant knowingly became a member of the conspiracy; and

        c.     the conspiracy described in the Information either substantially affected interstate commerce in goods or services or occurred within the flow of interstate commerce in goods and services.

### Maximum Statutory Penalties

8.     The defendant understands that the charge to which it is pleading guilty carries a fine in an amount equal to the greatest of:

        a.     $100 million, pursuant to 15 U.S.C. § 1; or

6

b.      twice the gross pecuniary gain the conspirators derived from the offense, or twice the gross pecuniary loss resulting from the offense, whichever is greatest, pursuant to 15 U.S.C. § 1 and 18 U.S.C. § 3571(c) and (d).

9.      In addition, the defendant understands that:

a.      pursuant to U.S.S.G. § 8D1.2(a)(1) or 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

b.      pursuant to U.S.S.G. § 8B1.1 or 18 U.S.C. § 3563(b)(2), the Court may order it to pay restitution to the victims of the offense; and

c.      pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## Sentencing Guidelines

10.      The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree that there is no *ex post facto* issue under the November 2021 edition of the Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The defendant understands that the Court will make Guidelines determinations by

7

applying a standard of preponderance of the evidence. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## Sentencing Agreement

11.     Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States and the defendant agree as follows:

a.     The parties agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence within the applicable Guidelines range requiring the defendant to pay to the United States a criminal fine of $1,200,000, payable in installments as set forth below with interest accruing under 18 U.S.C. § 3612(f)(1)–(2), no order of restitution, and a term of probation until the fine is paid (the "Recommended Sentence").

b.     The United States and the defendant agree to recommend, in the interest of justice pursuant to 18 U.S.C. § 3572(d)(1) and U.S.S.G. § 8C3.2(b), that the fine be paid in the following installments: $500,000 (plus any accrued interest) within 30 days of imposition of sentence; $175,000 (plus any accrued interest) at the one-, two-, three-, and four-year anniversaries of the imposition of sentence; provided, however, that the defendant will have the option at any time before the four-year anniversary of prepaying the remaining balance (plus any accrued interest) then owing on the fine.

8

c.    The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

d.    The Recommended Sentence does not include a restitution order because restitution is not mandatory for Title 15 antitrust violations (*see* 15 U.S.C. § 1; 18 U.S.C. § 3663(a)(1)(A) & (a)(3), § 3663A(c)), and in light of the availability of civil causes of action that potentially provide for a recovery of a multiple of actual damages, including *Northbrook Park District v. Mr. David's Flooring International, LLC, et al.*, 20 CV 7538, in the United States District Court for the Northern District of Illinois.

e.    The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. § 8C4.1. The parties agree not to seek at the sentencing hearing any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree that the Recommended Sentence set forth in this Plea Agreement is reasonable.

f.    The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, will provide sufficient information concerning the defendant, the crime charged in this case, and the defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court

9

under 18 U.S.C. § 3553. The United States and defendant agree to request jointly that the Court accept the defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by the defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii), U.S.S.G. § 6A1.1, and Rule 32.1 of the Criminal Local Rules. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

## Offense Level Calculations

12.     The United States and the defendant agree and recommend that the Court apply the Chapter 8 – Sentencing of Organizations Guidelines in determining the Guidelines Fine Range for a corporate defendant, pursuant to U.S.S.G. § 8C2.1(a).

a.     The Guidelines provision applicable to the calculation of the base fine is § 2R1.1(d)(1) and (3), pursuant to U.S.S.G. § 8C2.4(b).

b.     The base fine is $793,970, 20% of the affected volume of commerce of $3,969,850, pursuant to § 2R1.1(d)(1), (3).

i.     The defendant's Culpability Score is 6 and is determined pursuant to § 8C2.5, as follows:

| Base Culpability Score: | 5 | § 8C2.5(a) |
|---|---|---|
| More than 50 employees and participation of personnel with substantial authority | +2 | § 8C2.5(b)(4) |
| Acceptance of responsibility | -1 | § 8C2.5(g)(3) |

10

ii.     Based on a Culpability Score of 6, the minimum and maximum multipliers are 1.20 and 2.40, pursuant to § 8C2.6.

iii.    The Guidelines Fine Range is $952,764 to $1,905,528, pursuant to § 8C2.7.

13.    The United States and the defendant understand that the Court retains complete discretion to accept or reject the Recommended Sentence provided for in Paragraph 11 of this Plea Agreement.

a.     If the Court does not accept the Recommended Sentence, the United States and the defendant agree that this Plea Agreement, except for subparagraph 13(b) below, will be rendered void.

b.     If the Court does not accept the Recommended Sentence, the defendant will be free to withdraw its guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(5) and (d)(2)(A). If the defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Federal Rule of Criminal Procedure 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with an attorney for the government will not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Federal Rule of Evidence 410. In addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of this Plea Agreement, the statute of limitations period for any offense referred to in Paragraphs 14–15 of this Plea Agreement will be tolled for the period between the date of signature of this Plea Agreement and the date the defendant

11

withdrew its guilty plea or for a period of 60 days after the date of signature of this Plea Agreement, whichever period is greater.

### Government's Agreement

14.     Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the Recommended Sentence, the United States agrees that it will not bring further criminal charges against the defendant for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the sale of commercial flooring services and products in the Northern District of Illinois and elsewhere (the "Relevant Offense"). The nonprosecution terms of this paragraph do not apply to:

a.     any acts of perjury or subornation of perjury, in violation of 18 U.S.C. §§ 1621–22; making a false statement or declaration, in violation of 18 U.S.C. §§ 1001, 1623; obstruction of justice, in violation of 18 U.S.C. § 1503 *et seq.*; contempt, in violation of 18 U.S.C. §§ 401–02; or conspiracy to commit such offenses;

b.     civil matters of any kind;

c.     any violation of the federal tax or securities laws or conspiracy to commit such offenses; or

d.     any crime of violence.

15.     Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the Recommended Sentence, the United States agrees that it will not bring criminal charges against any director, officer, or employee of the defendant employed as of January 1, 2022 for any act or offense committed before the date of signature of this Plea Agreement and while that person was acting

12

as a director, officer, or employee of the defendant that was undertaken in furtherance of the Relevant Offense, except that the protections granted in this paragraph do not apply to Jerry P. Watson. The nonprosecution terms of this paragraph do not apply to:

      a.    any acts of perjury or subornation of perjury, in violation of 18 U.S.C. §§ 1621–22; making a false statement or declaration, in violation of 18 U.S.C. §§ 1001, 1623; obstruction of justice, in violation of 18 U.S.C. § 1503 *et seq*.; contempt, in violation of 18 U.S.C. §§ 401–02; or conspiracy to commit such offenses;

      b.    civil matters of any kind;

      c.    any violation of the federal tax or securities laws or conspiracy to commit such offenses; or

      d.    any crime of violence.

16.    The defendant understands that it may be subject to suspension or debarment action by local, state, or federal agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls what action, if any, other agencies may take. The defendant nevertheless affirms that it wants to plead guilty regardless of any suspension or debarment consequences of its plea.

## Representation by Counsel

17.    The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised

13

it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

## Voluntary Plea

18.     The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## Violation of Plea Agreement

19.     The defendant agrees that, should the United States determine in good faith that the defendant has violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery, email, or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant will be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any Relevant Offense, the statute of limitations period for such offense will be tolled for the period between the date of signature of this Plea

14

Agreement and six months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

20.     The defendant understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Plea Agreement because of the defendant's violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by it or its directors, officers, or employees employed as of January 1, 2022 to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it. In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Federal Rule of Evidence 410.

### Public Statements by the Defendant

21.     The defendant expressly agrees that it will not, through current or future attorneys, directors, officers, employees, agents, or any other person authorized by the defendant to speak on its behalf, make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the defendant set forth above or the facts described in the Information or Factual Basis section of this Plea Agreement. Any such contradictory statement will, subject to cure rights of the defendant described below, constitute a violation of this Plea Agreement, and the defendant thereafter will be subject to prosecution as set forth in Paragraphs 19 and 20 of this Plea Agreement. The decision whether any public statement by any such person contradicting a fact contained in the Information or Factual Basis section of this Plea Agreement was made on behalf of the defendant for the purpose of

15

determining whether it has violated this Plea Agreement will be at the sole discretion of the United States. If the United States determines that a public statement by any such person contradicts in whole or in part a statement contained in the Information or Factual Basis section of this Plea Agreement, the United States shall so notify the defendant, and the defendant may avoid a violation of this Plea Agreement by publicly repudiating such statement(s) within five business days after notification. The defendant will be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Information and the Factual Basis section of this Plea Agreement provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the Information or Factual Basis section of this Plea Agreement. This paragraph does not apply to any statement made by any current or future director, officer, employee, or agent of the defendant in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of the defendant.

### Entirety of Agreement

22.     This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

23.     The undersigned is authorized to enter this Plea Agreement on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

16

24.    The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

25.    A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

Date:
_6-9-22_____

_M.McGody_____
MARY MCCARTHY
CHARLES FOX
ELIZABETH A. HOMAN
AREFA PATEL
CARLA M. STERN
Trial Attorneys

U.S. Department of Justice
Antitrust Division
209 South LaSalle Street, Suite 600
Chicago, Illinois 60604
(312) 984-7200

Date:
_6-9-22_____

_____ President
JEREMY WATSON
President
COMMERCIAL CARPET
CONSULTANTS, INC., Defendant

_____
ANTHONY J. MASCIOPINTO
Attorney for Defendant
Kulwin, Masciopinto & Kulwin LLP

17